IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| THOMAS TRAUMANN | : | No. 18-564 |

## MEMORANDUM

PRATTER, J.                                                             NOVEMBER 3, 2021

Thomas Traumann seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), claiming that he is at serious risk of harm from the COVID-19 virus. Because Mr. Traumann is vaccinated and has served mere months of an eight-year sentence, the Court denies his motion.

### BACKGROUND

#### A. Mr. Traumann's Request for Compassionate Release

Mr. Traumann sent lewd text messages to an undercover federal agent posing as a 14-year-old girl. Later, Mr. Traumann traveled from Delaware to Pennsylvania to meet up with the "girl" for a sexual encounter, where he was arrested.

Mr. Traumann pled guilty to one count of interstate travel with the intent to engage in illicit sexual conduct with a minor. 18 U.S.C. § 2423(b). Prior to sentencing, he spent two and a half years on home confinement with electronic monitoring. He was then sentenced to 99-months' imprisonment. He requested additional time to surrender so he could be fully vaccinated against COVID-19, and the Court granted his unopposed motion. He surrendered to the Bureau of Prisons on May 25, 2021 and is now serving his sentence at Federal Correctional Institution Fort Dix.

Mr. Traumann, 54 years old, suffers from type II diabetes, hypertension, obesity, and high cholesterol, for which he takes daily medications. He now moves for compassionate release,

1

arguing that he is at "high risk" for "serious disease from COVID-19" because of his medical conditions. Doc. No. 72, at 7.

### B. The Bureau of Prisons' Response to the COVID-19 Pandemic

The Bureau of Prisons ("the BOP") has taken many measures to "mitigate the spread of COVID-19 in [its] facilities" and protect the health of inmates. *BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited October 28, 2021). The BOP permits almost no outside visitors, limits inmate movement within the prison, requires inmates and staff to wear masks, and screens all staff daily for symptoms. If an inmate tests positive, the BOP immediately quarantines that inmate and tests and quarantines all contacts. The BOP has also put thousands of eligible prisoners—the elderly, the terminally ill, and those who have almost finished their sentences—in home confinement. 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g); Pub. L. No. 116-136 § 12003(b)(2).

The BOP has offered vaccines to its staff members and inmates. At Fort Dix, the BOP has vaccinated almost 60% of inmates and over 250 of its staff. The facility houses 3,160 inmates. *FCI Fort Dix*, https://www.bop.gov/locations/institutions/ftd/ (last visited October 28, 2021). So far, 1,630 inmates at Fort Dix have recovered from COVID-19; two died. *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited October 28, 2021). This summer, the Fort Dix went without any positive cases for months. Doc. No. 65, at 6. Now, it has three COVID-positive inmates and five COVID-positive staff. *COVID-19 Cases*, *supra*.

## LEGAL STANDARDS

For the most part, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a court can reduce a sentence for "extraordinary and compelling reasons," including a prisoner's medical condition. § 3582(c)(1)(A)(i). For a non-terminal illness, the court must find that the prisoner has "a serious physical or medical condition ... from which he ... is not expected to recover" "that substantially diminishes [his] ability" to care for himself in prison. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).[1]

In deciding to reduce a sentence, the Court must also weigh the statutory sentencing factors, set forth in 18 U.S.C. § 3553(a). These factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

The court must also consider relevant policy statements from the United States Sentencing Commission. § 3582(c)(1)(A). Thus, before reducing the sentence, the court needs to find that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

On all these considerations, the prisoner bears the burden of proof. *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020). In addition, he must show that he "fully exhausted" his administrative remedies within the prison. 18 U.S.C. § 3582(c)(1)(A).

---

[1] On its face, U.S.S.G. § 1B1.13 governs a "motion of the Director of the Bureau of Prisons" for compassionate release. Thus, this "policy statement is not binding on prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). Still, it is highly persuasive authority that "sheds light on the meaning of extraordinary and compelling reasons." *Id.*

3

## DISCUSSION

Pointing to his medical conditions and the ongoing pandemic, Mr. Traumann requests that the Court reduce his sentence or permit him to complete his sentence on home confinement. But the Court does not have authority to grant him a transfer to home confinement. That is within the sole discretion of the Director of the Bureau of Prisons. 18 U.S.C. § 3624(c)(2); Pub. L. No. 116-136 § 12003(b)(2); *United States v. Ramirez-Ortega*, No. 11-cr-251-07, 2020 WL 4805356, at *3 (E.D. Pa. Aug. 18, 2020). Thus, to send Mr. Traumann home, the Court would have to reduce his eight-year sentence down to the five months already served. It will not.

### I.   Because he is vaccinated, Mr. Traumann has not shown that he is at severe risk

Three of Mr. Traumann's conditions—diabetes, hypertension, and obesity—are recognized by the CDC as risk factors for COVID-19. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (last updated October 14, 2021), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 29, 2021).

But Mr. Traumann has also been fully vaccinated, having received two doses of the Pfizer vaccine. In scientific studies, the Pfizer vaccine has been shown to be extremely effective in preventing severe illness and death, including in older adults suffering from obesity, diabetes, and heart disease. *See, e.g., Pfizer Emergency Use Authorization for an Unapproved Product Review Memorandum* 28, FDA (Nov. 20, 2020), available at https://www.fda.gov/media/144416/download. Thus, Mr. Traumann's chances of experiencing severe disease from COVID are low.

Admitting that his chances of serious disease are "now substantially reduced," Mr. Traumann emphasizes that his risk is still not zero. Doc. No. 72, at 20. Many of his fellow inmates

are not vaccinated, and, he claims, the prison does not enforce many of its COVID protocols. No doubt, the virus creates "special risks … for people living in close quarters." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). But the "possibility" that the virus "may spread to" a person in a prison "cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Mr. Traumann also points out that the vaccines decrease in efficacy over time. Because he is five months out from his last dose, he reasons, he is at risk of a breakthrough case. But the Bureau of Prisons recently announced its plan to promptly offer a booster vaccine "to all inmates." *COVID-19 Vaccine Guidance* 6, Federal Bureau of Prisons (Oct. 13, 2021), available at https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf.

Finally, Mr. Traumann voices concerns about new strains of the virus, like the Delta variant, which are more contagious. Yet the vaccines remain highly effective against these variants too. Shaun J. Grannis et al., *Interim Estimates of COVID-19 Vaccine Effectiveness Against COVID-19–Associated Emergency Department or Urgent Care Clinic Encounters and Hospitalizations Among Adults During SARS-CoV-2 B.1.617.2 (Delta) Variant Predominance*, 70 Morbidity & Mortality Weekly Report 1291, 1292 (2021).

Mr. Traumann has not shown that, despite his vaccinations, he is still at a "*substantial* risk" of severe disease. *United States v. Savage*, No. 12-cr-617, 2021 WL 1628470, at *2 (E.D. Pa. Apr. 27, 2021) (emphasis added). Thus, the Court finds that he has not demonstrated extraordinary and compelling reasons to warrant compassionate release. *See Broadfield*, 5 F.4th at 803 ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

## II. The sentencing factors counsel against releasing Mr. Traumann

Even if Mr. Traumann could demonstrate that he was at a substantial risk from COVID-19, the Court would still deny release based on the § 3553(a) factors.

The Court is not certain that Mr. Traumann continues to present a danger to the community. Prior to this, he had never been convicted of a felony. He was fully complaint with his pretrial release terms. In his short time in prison, he has not been disciplined. And he has expressed remorse for his crime.

Yet Mr. Traumann's crime was serious: he traveled to Pennsylvania with the intent to engage in sexual acts with a 14-year-old girl. To reflect the seriousness of that crime and to deter similar crimes, this Court sentenced him to 99 months' imprisonment. Mr. Traumann has served a mere five months of that sentence. Releasing him now would not "promote respect for the law" or "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020) (affirming denial of compassionate release where prisoner had served less than 2 years of a 15-year sentence).

## CONCLUSION

For these reasons, the Court denies Mr. Traumann's motion to reduce his sentence. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE